UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARVIN PETER LEBLANC, JR.** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VS.** | * | |
| | * | **JUDGE** |
| **PANTHER HELICOPTERS, INC.,** | * | |
| **ENERGY XXI GOM, L.L.C.,** | * | |
| **and ROLLS-ROYCE CORPORATION** | * | **MAGISTRATE JUDGE** |

*************************************************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, MARVIN PETER LEBLANC, JR., a person of the full age of majority and resident of the Parish of St. Landry, State of Louisiana, who respectfully represents:

I.

This Honorable Court has jurisdiction of this matter pursuant to admiralty jurisdiction and substantive general maritime law, 28 U.S.C. 1333, and pursuant to 33 U.S.C. 905(b). Claimant brings suit in this Court pursuant to the Outer Continental Shelf Lands Act (43 U.S.C. 1331 et. seq.), the General Maritime Law of the United States, and the applicable laws of the State of Louisiana.

II.

Venue is proper within the judicial district and division in that defendant, PANTHER HELICOPTERS, INC., is a Louisiana corporation having a principal business establishment in Louisiana at Engineers Road, Belle Chasse, Plaquemines Parish, Louisiana.

III.

Made defendants herein are:

a. PANTHER HELICOPTERS, INC. ("PANTHER"), a Louisiana corporation with its principal place of business located at Engineers Road, Belle Chasse, Plaquemines Parish, Louisiana;

b. ENERGY XXI GOM, L.L.C. ("ENERGY XXI"), a non-Louisiana corporation authorized to do and doing business in the State of Louisiana; and

c. ROLLS-ROYCE CORPORATION ("ROLLS-ROYCE"), a non-Louisiana corporation authorized to do and doing business in the State of Louisiana;

which are justly and truly indebted jointly, severally and *in solido* unto plaintiff, MARVIN PETER LEBLANC, JR., for reasonable damages, with legal interest and for all costs of these proceedings, for the following reasons.

IV.

At all material times herein, MARVIN PETER LEBLANC, JR. was employed by Wood Group, PSN, Inc. as a mechanic and "A-Operator" on a fixed offshore production platform on the Outer Continental Shelf known as Main Pass 107D, approximately thirty-seven nautical miles off of and adjacent to the coast of the Parish of Plaquemines, State of Louisiana.

V.

On October 9th, 2013, ENERGY XXI was the owner and operator of the subject oil production platform located at Main Pass 107D.

VI.

On October 9th, 2013, plaintiff, MARVIN PETER LEBLANC, JR., was a passenger aboard a Bell 206L-3 helicopter bearing Federal Aviation Administration registration N54LP, to return home after completing a fourteen day work shift.

VII.

At all pertinent times herein, the subject Bell 206L-3 helicopter bearing Federal Aviation Administration designation N54LP was owned and operated by PANTHER.

VIII.

The subject Bell 206L-3 helicopter was designed, manufactured, and assembled by Bell Helicopter Textron Inc.

IX.

The subject Bell 206L-3 helicopter contained a Rolls Royce M250-C30 engine/powerplant designed, manufactured, assembled, and sold by ROLLS-ROYCE.

X.

At approximately 0720 central daylight time on October 9th, 2013, the subject Bell 206L-3 helicopter, in which the plaintiff was a passenger attempted to depart from Main Pass 107D, when suddenly and without warning, the helicopter's engine/powerplant failed, causing the helicopter to crash into the Gulf of Mexico.

XI.

The plaintiff, MARVIN PETER LEBLANC, JR., lost consciousness upon impact and was trapped inside the cabin of the helicopter, and only with great difficulty after regaining consciousness, without the use or function of his legs, was he eventually able to escape the cabin of the helicopter.

XII.

As a result of the subject helicopter crash, MARVIN PETER LEBLANC, JR. suffered severe physical injuries, including but not limited to injuries to: his spinal cord and spinal column rendering him paralyzed from the waist down, to his back, lower body, torso, shoulders, chemical burns to his facial area, as well as severe psychiatric and emotional injuries. MARVIN PETER LEBLANC, JR. has as a result of the helicopter crash undergone and continues to undergo extensive medical treatment.

XIII.

As a result of the negligence of defendant, PANTHER, MARVIN PETER LEBLANC, JR. alleges that he has sustained damages as follows:

a. past, present and future physical pain and suffering;

b. past, present and future mental anguish and distress and post-traumatic stress disorder;

c. past, present and future permanent physical impairment, disfigurement, and disability;

d. past, present and future medical expenses;

e. past, present and future lost wages;

f. past, present and future loss of earning capacity;

g. past and future costs of modifying his home, transportation, and lifestyle to meet the needs of his permanent disability;

h. loss of society, companionship, and services;

i. change of lifestyle and loss of enjoyment of life; and

j. Any and other damages which may be proven at trial of this matter;

all of which entitles him to receive damages that are reasonable in the premises, in an amount to be determined by a trial on the merits, plus interest and all costs of these proceedings.

XIV.

PANTHER is a common carrier by air in accordance 45 U.S.C. 181.

XV.

PANTHER is a Federal Aviation Administration certificated air carrier pursuant to 14 C.F.R. 135, *et seq.* (Part 135 of the Federal Aviation Requirements).

XVI.

At all pertinent times herein, said helicopter was being piloted by an employee acting in the course and scope of employment with PANTHER, namely, Patrick R. Becnel, Sr., and PANTHER is therefore liable for the pilot's actions and/or omissions.

XVII.

Based upon information and belief, the platform owned and operated by ENERGY XXI at Main Pass 107D was venting gas from the platform's flare boom and/or other equipment immediately before the helicopter crash, which, based upon information and belief, may have contributed to and/or caused the engine/powerplant failure.

XVIII.

The damages and injuries suffered by MARVIN PETER LEBLANC, JR. were caused by the fault, negligence, and/or strict liability of defendants, rendering the defendants liable unto the plaintiff under the general maritime law and/or under Louisiana law in the following non-exclusive respects:

1. PANTHER:

    a. Failure to adequately inspect, maintain, repair, and replace the helicopter and its component parts;

    b. Failure to adequately train, monitor, and/or supervise inspections, maintenance, and repairs performed on the helicopter;

    c. Failure to provide functionally adequate aircraft and component parts for the transport and safety of personnel;

    d. Failure to adopt, follow, and instruct its employees in proper safety procedures and techniques in relation to transporting personnel to and from offshore platforms;

    e. Failure to adequately equip the helicopter with proper safety equipment;

    f. Failure to provide passengers with orientation and safety training as to the safety procedures involved with the subject Bell 206L-3 helicopter;

    g. Failure to adequately train and supervise the helicopter pilot assigned to the subject Bell 206L-3 helicopter on the date of the accident;

    h. Failure of its employee pilot to operate the said aircraft in a safe and proper manner;

    i. Failure to comply with manufacturer's recommendations and operating procedures;

    j. Failure to comply with its policies, procedures, and applicable laws and regulations; and

    k. Any and all other acts of negligence or fault which may be shown at trial of this matter.

2. ENERGY XXI:

    a. Allowing the release and venting of gas from the platform in the vicinity in which the helicopter was to depart from the platform;

    b. Failure to provide a safe environment and a safe helideck for helicopter transportation to and from the platform;

    c. Failure to warn helicopter pilots of dangerous conditions on the platform, including the venting of gas;

    d. Failure to conduct adequate inspections, maintenance, and repairs on its platform and helideck so as to prevent dangerous conditions for helicopter flight purposes;

    e. Failure to adopt and implement proper safety procedures and techniques in relation to preventing dangerous conditions for helicopter flights in the vicinity of the platform;

    f. Failure to adequately equip the platform with proper equipment so as to prevent dangerous conditions with regard to helicopter flights in the vicinity of the platform;

    g. Failure to follow procedures, guidelines, and regulations; and

    h. Any and all other acts of negligence or fault which may be shown at trial of this matter.

3. ROLLS ROYCE:

    a. Manufacturing a product which was unreasonably dangerous in construction, design, and/or composition;

    b. Negligently and/or defectively designing the subject engine/powerplant;

    c. Failure to properly warn PANTHER or users of the defect in design or construction;

    d. Failure to exercise reasonable diligence in making adequate warnings available to the user of the subject engine/powerplant;

    e. Failure to warn the user of the defect in design or construction.

    f. Failure to have adequate operating guidelines and/or instructions for the use of the subject engine/powerplant; and

    g. Any and all other acts of negligence or fault which may be shown at trial of this matter.

### XIX.

Plaintiff, MARVIN PETER LEBLANC, JR.'s, damages are in excess of one million dollars ($1,000,000.00).

### XX.

Plaintiff, MARVIN PETER LEBLANC, JR., is entitled to prejudgment interest on his damages from the date of loss, or, in the alternative, from the date of judicial demand.

WHEREFORE, plaintiff, MARVIN PETER LEBLANC, JR., prays that the defendants, PANTHER, ENERGY XXI, and ROLLS ROYCE, be served with a copy of this Complaint for Damages, and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of plaintiff, MARVIN PETER LEBLANC, JR., and against the defendants, PANTHER, ENERGY XXI, and ROLLS ROYCE, jointly, severally, and *in solido* for all damages that are reasonable in the premises, together with legal interest and for all costs of these proceedings; and further, for all general and equitable relief which the court deems necessary and proper.

Respectfully Submitted,

DAVE T. JOHNSON
**JOHNSON  LAW OFFICE**
121 North 3rd St., P.O. Box 688
Eunice, Louisiana 70535
(337) 457-2890
(337) 457-7844 fax
dave@djlawoffice.com


BY: /s/ Dave T. Johnson
     DAVE T. JOHNSON (#25113)