```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


   LEBLANC                                CIVIL ACTION

   VERSUS                                 NO: 14-1617
                                          c/w 14-1772
                                              14-1791
                                              14-1875
                                              14-2326
   PANTHER HELICOPTERS,                   SECTION: "J" (4)
   INC. ET AL.
```

## ORDER & REASONS

Before the Court are Plaintiffs Marvin Peter LeBlanc, Jr., Harvis Johnson, Jr., and Nichalos Miller's *Joint Motion to Strike Jury Demands* **(Rec. Doc. 59)** and Plaintiffs Marci L. Becnel, Casi G. Becnel, Patrick R. Becnel, R., Jami M. Becnel, and E. Dale Lindsey, Jr.'s *Motion to Strike Jury Demands* **(Rec. Doc. 60);** oppositions thereto filed by ENERGY XXI GOM, LLC (Energy) (Rec. Docs. 62, 63), Rolls-Royce Corporation (Rolls-Royce) (Rec. Doc. 64), Bell Helicopter Textron Inc. (Bell) (Rec. Doc. 65), and Panther Helicopters, Inc. (Panther) (Rec. Doc. 66); and replies from LeBlanc, Johnson, and Miller (Rec. Doc. 76) and the Becnels (Rec. Doc. 73). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that Plaintiffs' motions should be **DENIED** for the reasons set forth more fully below.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from a helicopter crash that occurred on October 9, 2013, as the helicopter departed from a platform in the Gulf of Mexico. The pilot, Patrick R. Becnel, Sr., was killed in the crash. LeBlanc, Johnson, and Miller, who were also aboard the helicopter at that time, suffered various injuries.

LeBlanc filed the first complaint in relation to the crash on July 14, 2014. (Rec. Doc. 1)[1] Made Defendants therein were Panther, the owner and operator of the helicopter; Energy, the platform owner; and Rolls-Royce, the manufacturer of the helicopter engine. Id. at 2. LeBlanc invoked this Court's jurisdiction over admiralty and substantive general maritime law, 28 U.S.C. § 1333; 33 U.S.C. § 905(b); the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331 et. seq.; the General Maritime Law of the United States; and the applicable laws of the State of Louisiana. Id. at 1. Although the original complaint did not designate the action as one in admiralty or maritime under Federal Rule of Civil Procedure 9(h), LeBlanc amended his complaint on July 15, 2014, to state, "This is an admiralty or maritime claim within the meaning of Rule 9(h)." (Rec. Doc. 4, p. 1) Defendants Panther (Rec. Doc. 21), Energy (Rec. Docs. 15, 16), and Rolls-Royce (Rec. Doc. 28) later

---

[1] All citations to record documents that do not include a case number refer to case number 14-1617.

2

answered the complaints, and each Defendant requested trial by jury.

Johnson filed suit on August 4, 2014. (14-1772, Rec. Doc. 1) Johnson also named Panther, Energy, and Rolls-Royce as Defendants and provided the same jurisdictional statement as LeBlanc. Id. at 1-2. Johnson's complaint likewise failed to include a Rule 9(h) designation. The Court consolidated the case with LeBlanc's on August 27, 2014. (14-1772, Rec. Doc. 8) Defendant Energy answered on August 27, 2014 (Rec. Doc. 18) and demanded a jury trial. Panther answered the complaint and demanded a jury trial on September 24, 2014. (Rec. Doc. 37) Rolls-Royce filed its answer, which included a jury demand, on September 27, 2014. (Rec. Doc. 40) Johnson requested leave to file an amended complaint on September 23, 2014, and the Court accepted the amended complaint into the record on October 31, 2014. (Rec. Docs. 49, 51) The amended complaint specifically designated the action as one in admiralty or maritime pursuant to Rule 9(h). (Rec. Doc. 51, p. 1)

Miller filed his complaint on August 6, 2014. (14-1791, Rec. Doc. 1) Miller named the same Defendants and included the same jurisdictional statement. Id. at 1-2. However, Miller included a Rule 9(h) designation in his original complaint, stating, "This matter is identified as an Admiralty and Maritime Claim in accordance with the provisions of Rule 9(h) of the

3

[Federal Rules of Civil Procedure]." Id. at 1. The Court consolidated the case with LeBlanc's on August 27, 2014. (14-1791, Rec. Doc. 12) Energy, Rolls-Royce, and Panther answered the complaints and demanded a jury trial. (Rec. Docs. 17, 32, 35)

Becnel's survivors[2] filed suit on August 15, 2014. (14-1875, Rec. Doc. 1) They named Wood Group PSN, Inc. (Wood Group), the operator of the platform; Energy; Bell, the manufacturer of the helicopter; and Rolls-Royce as Defendants. Id. at 2-3. The Becnels invoked this Court's jurisdiction over admiralty and substantive general maritime law, 28 U.S.C. § 1333; diversity actions, 28 U.S.C. § 1332; the Death on the High Seas Act (DOHSA), 46 U.S.C. § 30301, et seq.; the General Maritime Law of the United States; any other applicable federal statutes; and the applicable laws of the State of Louisiana. Id. at 3. Additionally, the Becnels designated the matter as a claim in admiralty or maritime pursuant to Rule 9(h). Id. The Court consolidated the action with the others on August 27, 2014.[3] (14-1875, Rec. Doc. 7) Defendant Wood Group answered the complaint on September 25, 2014, without making a jury demand. (Rec. Doc.

---

[2] The Becnel Plaintiffs include Marci L. Becnel, Patrick R. Becnel, Sr.'s widow, on behalf of herself and her minor child, Casi G. Becnel; Patrick R. Becnel, Jr, son of the decedent.; Jami M. Becnel, daughter of the decedent; and E. Dale Lindsey, Jr., in his capacity as Executor of the Succession of Patrick R. Becnel, Sr. (14-1875, Rec. Doc. 1, p. 1)

[3] Also consolidated with LeBlanc's action is an intervention by Panther (Becnel's employer) and Panther's insurer. (14-2326, Rec. Doc. 1)

4

38) Thereafter, the remaining Defendants answered the complaints and demanded a jury trial. (Rec. Docs. 41, 42, 43)

On December 19, 2014, Plaintiffs LeBlanc, Johnson, and Miller filed a *Joint Motion to Strike Jury Demands*. **(Rec. Doc. 59)** Becnel's survivors filed a *Motion to Strike Jury Demands* **(Rec. Doc. 60)** on December 29, 2014. Defendants Energy (Rec. Docs. 62, 63), Rolls-Royce (Rec. Doc. 64), Bell (Rec. Doc. 65), and Panther (Rec. Doc. 66) opposed the motions. The Court accepted replies from the Becnels (Rec. Doc. 73) and LeBlanc, Johnson, and Miller (Rec. Doc. 76) on January 15, 2015.

## PARTIES' ARGUMENTS

Plaintiffs LeBlanc, Johnson, and Miller argue that the Court should strike Defendants' jury demands because admiralty jurisdiction applies here and they properly invoked it. (Rec. Doc. 59-1) First, in order for admiralty jurisdiction to apply, "*both* a maritime situs and a connection to traditional maritime activity must exist." Id. at 3 (quoting Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995)). Their claims satisfy the maritime situs requirement because Defendants' negligence "became operative" over navigable waters, causing the helicopter in which Plaintiffs were traveling to crash into the Gulf of Mexico. Id. This case presents a connection to traditional maritime activity because the U.S. Court of Appeals for the Fifth Circuit has held that "the act of

5

a helicopter transporting persons over the seas is a maritime-type function." Id. at 4 (citing Smith v. Pan Air Corp., 684 F.2d 1102, 1111 (5th Cir. 1982); Ledoux v. Petroleum Helicopters, Inc., 609 F.2d 824, 824 (5th Cir. 1980)). Although not all Defendants were involved in transporting Plaintiffs, "[t]he substantial relationship test is satisfied when at least one alleged tortfeasor was engaging in activity substantially related to traditional maritime activity and such activity is claimed to have been a proximate cause of the incident." Id. at 4-5 (quoting Grubart, 513 U.S. at 541). Second, LeBlanc, Johnson, and Miller properly invoked this Court's admiralty jurisdiction by indicating that their lawsuits were admiralty or maritime actions and designating them as maritime claims under Federal Rule of Civil Procedure 9(h). Id. at 2-3, 5-6. The Becnels adopt and advance these same arguments, and they add that "their action is cognizable only in admiralty" because it arises under the Death on the High Seas Act (DOHSA). (Rec. Doc. 60-1, pp. 1-2)

    Defendant Energy concedes that admiralty jurisdiction exists over Plaintiffs' claims, but argues that the alternative grounds for federal jurisdiction existing under OCSLA enabled Defendants to demand trial by jury where all Plaintiffs had not yet designated their actions as maritime claims pursuant to Rule 9(h). (Rec. Doc. 62) Specifically, before Johnson amended his

6

complaint to add the Rule 9(h) designation, Energy and other Defendants answered his original complaint and included a jury demand. Id. at 3. Energy argues that, under Johnson v. Penrod Drilling Co., 469 F.2d 897, 901 (5th Cir. 1972), "Federal Rule of Civil Procedure 39 'controls when demand for jury trial occurs.'" (Rec. Doc. 62, p. 6)(quoting Johnson 469 F.2d at 901). Accordingly, Plaintiffs could not defeat Energy's properly invoked right to jury trial without its consent or a determination by the Court that no right to a jury trial exists. Id. Because neither of these circumstances exists here, the Court should not strike Defendants' jury demand. Additionally, Energy argues, "[b]ecause Johnson's Complaint has been consolidated with those of the remaining plaintiffs in this case, all of the claims herein must be tried to a jury." Id. at 8 (citing Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 20-21 (1963)). Energy argues that the U.S. Supreme Court in Fitzgerald held that

> (1) where multiple claims (arising out of the same set of facts) are joined in the same lawsuit, some of which must be tried to a jury and others which are subject to the traditional admiralty rule requiring a bench trial; (2) the plaintiff has not made a 9(h) designation; and (3) a jury trial (as to the claims for which a jury may be sought) has been sought, all claims (even those cognizable only in admiralty) must be submitted to the jury.

Id. Thus, although some of the claims in this consolidated action traditionally are cognizable only in admiralty, such as

7

the Becnels' DOHSA action, all of the claims must proceed to jury trial. (Rec. Doc. 63) Energy asserts that the Fifth Circuit has extended this rule to cases involving multiple defendants. (Rec. Doc. 62, p. 9) Energy further argues that these rules apply equally when a defendant, rather than the plaintiff, invokes its right to trial by jury. Id. at 10-11. Consequently, Johnson's failure to designate his action as one in admiralty before Energy and other Defendants demanded a jury trial requires this Court to submit all claims against all Plaintiffs to a jury. Id. at 11-13. Defendants Rolls-Royce and Bell adopt these arguments in their oppositions.[4] (Rec. Docs. 64, 65)

Defendant Panther argues that Plaintiffs' motions seeking to strike Defendants' jury demands are premature and improper. First, the motions are premature because the National Transportation Safety Board has not issued its final report on the accident at issue and the parties have not yet engaged in discovery; thus, it is not yet clear that admiralty jurisdiction applies here. (Rec. Doc. 66, pp. 2-5) Second, the motions are improper because Panther "has a vested Constitutional right to a jury trial," which Plaintiffs cannot nullify with "an after-the-

---

[4] Rolls-Royce adds, however, that if the Court finds that Plaintiffs correctly designated the action as one in admiralty, the Court should "place these consolidated cases on [its] non-jury docket" rather than strike Defendants' jury demands. (Rec. Doc. 64, pp. 3-4) Further, the Court should add "the proviso that if plaintiffs move to revoke their Rule 9(h) designation and/or act in a matter inconsistent with proceeding in admiralty, Rolls-Royce Corporation shall have the right to amend its pleadings to reinstate its jury demands under Rule 15." Id. at 4.

fact 9(h) designation" for the reasons set forth in Energy's opposition. Id. at 1, 6.

In their reply, the Becnel Plaintiffs argue that Defendants have no right to jury trial over the claims of this consolidated action. (Rec. Doc. 73) Johnson's sole failure to make a specific Rule 9(h) designation before Defendants replied and made jury demands does not require that all Plaintiffs' claims proceed to jury trial where Johnson's original complaint asserted that its claims were in admiralty and the Court soon granted him leave to amend his complaint to add the previously omitted designation. Id. at 1-2. Additionally, the Becnel Plaintiffs assert that the instant case is distinguishable from Johnson because there the plaintiff demanded a jury trial. Id. at 3-4. Once demanded, the plaintiff could not deny defendant a jury trial where defendant had a right to trial by jury and had not consented to a bench trial. Id. Here, none of the Plaintiffs requested a jury trial, and all Plaintiffs have invoked the Court's admiralty jurisdiction. Id. at 4. The Becnel Plaintiffs assert that Defendants should have challenged Johnson's motion for leave to amend his complaint and add the Rule 9(h) designation if they were relying on its omission to support their jury demands. Id. They further argue that "no defendant can articulate any prejudice that it may suffer if this case [is] placed on the court's bench trial docket" because it is early in the

9

litigation and the Court has not yet set a scheduling conference. Id. at 4-5.

Plaintiffs LeBlanc, Johnson, and Miller also filed a reply refuting Defendants' assertions. (Rec. Doc. 76) LeBlanc, Johnson, and Miller distinguish Johnson, assert that all Plaintiffs properly invoked this Court's admiralty jurisdiction, and dispute Panther's claim that the instant motions are premature. Id. First, LeBlanc, Johnson, and Miller argue that this case is distinguishable from Johnson. There, the plaintiff included a jury demand in his complaint, which the defendant relied upon for a period of three years before the plaintiff amended the complaint to add a Rule 9(h) designation. Id. at 2-3. With that amendment, the plaintiff did not seek to withdraw his jury demand. Id. Here, however, Plaintiffs did not make a jury demand, and they promptly sought to amend their complaints to add Rule 9(h) designations. Id. at 3. Additionally, Plaintiffs argue that the instant motions constitute their compliance with Federal Rule of Civil Procedure 39 by seeking a judicial determination that Defendants have no federal right to a jury trial. Id. Second, Plaintiffs herein properly invoked this Court's admiralty jurisdiction by stating in their complaints that theirs were admiralty or maritime claims. Id. at 3-5. Finally, LeBlanc, Johnson, and Miller argue that the instant motions are not premature because courts have held that

10

"torts occur[] where the negligent act takes effect, not where the act occurred," and the record reveals that the helicopter crashed into the Gulf of Mexico rather than the platform. Id. at 5-6.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 9(h), a plaintiff whose claims are cognizable within the Court's admiralty jurisdiction "and also within the court's subject-matter jurisdiction on some other ground" may choose to proceed on the admiralty side of the Court. FED. R. CIV. P. 9(h)("If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions."); see T.N.T Marine Serv. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 587 (5th Cir. 1983). Although the preferable method for electing to proceed in admiralty is an express designation invoking Rule 9(h), an express designation is not necessary as long as the complaint includes a simple statement identifying the claim as an admiralty or maritime claim. In re Graham Offshore, Inc., No. CIV.A.98-724, 2000 WL 1263225, at *2 (E.D. La. Sept. 6, 2000) (citing T.N.T. Marine, 702 F.2d at 587–

88). When a plaintiff elects to proceed in admiralty, neither party is entitled to a trial by jury. T.N.T. Marine, 702 F.2d at 587. If, however, a plaintiff fails to invoke the court's admiralty jurisdiction and pleads an alternative ground for federal jurisdiction that grants the defendant a right to trial by jury, then such plaintiff may not revoke a jury demand without complying with Federal Rule of Civil Procedure 39.[5] See Rachal v. Ingram Corp., 795 F.2d 1210, 1215-17 (5th Cir. 1986); Johnson v. Penrod Drilling Co., 469 F.2d 897, 903 (5th Cir. 1972).

The threshold question for this Court therefore is whether Johnson's original complaint sufficiently identifies his action as one in admiralty such that Defendants have no right to a jury trial in this case. The statement of jurisdiction in Johnson's complaint reads as follows:

> This Honorable Court has jurisdiction over this matter pursuant to admiralty jurisdiction and substantive general maritime law, 28 U.S.C. 1333, and pursuant to 33 U.S.C. 905(b). Claimant brings suit in this Court pursuant to the Outer Continental Shelf Lands Act (43 U.S.C. 1331 et. seq.), the General Maritime Law of the United States, and the applicable laws of the State of Louisiana.

(14-1772, Rec. Doc. 1, p. 1)

---

[5] Federal Rule of Civil Procedure 39 provides the requirements for when a trial must be by jury or by the court. It states in relevant part, "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." FED. R. CIV. P. 39.

The Court concludes that this statement is insufficient to identify Johnson's claims as admiralty or maritime in nature. Johnson's statement suggests that he brings claims under maritime law and OCSLA. If the fact that he alleged a claim pursuant to maritime law were sufficient to invoke Rule 9(h) despite the alternative grounds asserted, then it is unclear why any claimant would need to make an election under Rule 9(h). This statement is distinguishable from those examined by this Court in Breeden v. Transocean Offshore Ventures, Inc., No. Civ.A. 00-2561, 2001 WL 64772, at *1 (E.D. La. Jan. 24, 2001), Hunt v. Diamond Offshore Drilling, Inc., No. Civ.A. 01-3037, 2002 WL 1906914, at *1 (E.D. La. Aug. 19, 2002), and In re Graham Offshore, No. CIV.A.98-724, 2000 WL 1263225, at *2-3 (E.D. La. Sept. 6, 2000). In Breeden and Graham, the plaintiffs provided admiralty jurisdiction[6] and diversity jurisdiction as alternative bases for federal jurisdiction. 2001 WL 64772, at * 1; 2000 WL 1263225, at *2-3. The plaintiff in Hunt based his claim upon the Jones Act and general maritime law and did not assert diversity jurisdiction. 2002 WL 1906914, at *1. The plaintiffs in these cases did not assert *claims* under an alternative federal law. It therefore was clear even absent any

---

[6] In Breeden, the plaintiff alleged jurisdiction under the Jones Act and General Maritime Law. 2001 WL 64772, at *1. The Court does not mention the Jones Act claim because such claim could not create a right to trial by jury for defendant absent diversity. See Rachal v. Penrod Drilling Co., 469 F.2d 1210, 1213-14 (5th Cir. 1986).

express Rule 9(h) designation that the plaintiffs invoked the Court's maritime jurisdiction. See Luera v. M/V Alberta, 635 F.3d 181, 190 (5th Cir. 2011). By contrast, here, Johnson asserts claims under alternative federal law, e.g. OCSLA. (14-1772, Rec. Doc. 1) Something more than the fact that Plaintiffs happened to assert alternative claims under general maritime law therefore was required to indicate that Plaintiffs wished to proceed in admiralty.

Next, the Court examines whether Defendants have a right to trial by jury and properly invoked that right. First, the Court concludes that Defendants have a right to trial by jury in this case. As discussed above, Johnson failed to invoke the Court's admiralty jurisdiction within the meaning of Rule 9(h). Thus, because he pleaded an alternative federal claim that carries with it a right to jury trial, Defendants indeed have a right to trial by jury in this case.[7] See Apache Corp. v. GlobalSantaFe Drilling Co., 832 F. Supp. 2d 678, 698 (W.D. La. June 4, 2010)(concluding that a right to jury trial exists for OCSLA claims), aff'd sub nom. Apache Corp. v. Global Santa Fe Drilling Co., 435 F. App'x 322 (5th Cir. 2011). Second, Defendants properly invoked this right by including the jury demand in answers to Johnson's original complaint. See FED. R. CIV. P.

---

[7] Additionally, the Court finds no support for Plaintiffs' contention that all parties are bound by LeBlanc's Rule 9(h) designation and will address it no further.

14

38(a), (b); (Rec. Doc. 18). Thus, Defendants have a right to jury trial and properly invoked that right herein.

Having concluded that Defendants have a right to jury trial in this case, the Court examines whether Federal Rule of Civil Procedure 39 permits Plaintiffs to preclude trial by jury with the instant motions to strike. According to Rule 39, once the jury demand has been made, a court may move the action to its nonjury docket only with the consent of the parties *or* upon determining that no right to jury trial actually exists. See FED. R. CIV. P. 39. Plaintiffs argue that their motions to strike comply with the second requirement under Rule 39, that is, a court finding that no right to jury trial exists. But as the Court has expressed above, Defendants indeed have a right to jury trial in this case. The Court therefore must deny the instant motions to strike.[8]

Furthermore, because some of Plaintiffs' claims must be tried to a jury, the Court holds that all of them should be so tried. See Luera, 635 F.3d at 195-96; Debellefeuille v. Vastar Offshore, Inc., 139 F. Supp. 2d 821, 826 (S.D. Tex. Apr. 20, 2001). The Court cannot now serve as the factfinder for Plaintiffs' OCSLA claims without violating Defendants' Seventh Amendment right to trial by jury. See Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 20-21 (1963); Debellefeuille, 139 F. Supp. 2d

---
[8] Because the Court finds the motions improper on these grounds, the Court need not examine whether they were premature as argued by Panther.

at 826. Importantly, Plaintiffs lack a countervailing constitutional right to a nonjury trial for their admiralty claims; it is custom, rather than the Constitution, that provides for nonjury trials for maritime or admiralty claims. Fitzgerald, 374 U.S. at 20 (noting that neither the Constitution nor statute forbids jury trials in admiralty cases); Luera, 635 F.3d at 193-94, 196 (same). Additionally, the Court declines to split factfinders between claims or claimants here where the issues of fault are intertwined and arise from a single accident. See Luera, 635 F.3d at 192-96; Debellefeuille, 139 F. Supp. 2d at 826. Indeed, the Fifth Circuit has recognized that, "when one of a plaintiff's claims carries with it the right to a jury trial, the remaining claims, though premised on admiralty jurisdiction, may also be tried to a jury when both arise out of one set of facts." Luera, 635 F.3d at 195 (internal quotation marks and citations omitted). Thus, because a jury must hear part of this matter and the Court declines to employ multiple factfinders, all claims will be tried to a jury.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motions to Strike Jury Demands* **(Rec. Docs. 59, 60)** are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Energy's *Motion for Leave to File Sur-Reply* **(Rec. Doc. 71)** is **DENIED as moot**.

New Orleans, Louisiana this 26th day of January, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE