UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARVIN PETER LEBLANC, JR.                CIVIL ACTION

VERSUS                                   NO: 14-1617
                                         C/W 14-1772
                                             14-1791
                                             14-1875
                                             14-2326

PANTHER HELICOPTERS,                     SECTION: "J"(4)
INC. ET AL.

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 95)** filed by Defendant Bell Helicopter Textron Inc. and an opposition thereto (Rec. Doc. 100) filed by Plaintiffs Marci L. Becnel, on behalf of herself and her minor child, Casi G. Becnel; Patrick R. Becnel Jr.; Jami M. Becnel; and E. Dale Lindsey Jr., in his capacity as executor of the succession of Patrick R. Becnel Sr. (collectively, "Becnel Plaintiffs"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED** without prejudice.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a helicopter crash that occurred on October 9, 2013, as the helicopter departed from a platform in the Gulf of Mexico. The pilot, Patrick R. Becnel Sr., was killed in the crash. Three passengers, Marvin Peter LeBlanc Jr., Harvis

Johnson Jr., and Nichalos Miller, who were also aboard the helicopter at that time, suffered various injuries.

The crash led to several lawsuits being filed in this district. LeBlanc filed the first complaint in relation to the crash on July 14, 2014. (Rec. Doc. 1.)[1] Johnson filed suit next on August 4, 2014. (14-1772, Rec. Doc. 1.) Miller then filed his complaint on August 6, 2014. (14-1791, Rec. Doc. 1.) Each of the three passengers' complaints name Panther Helicopters, Inc. ("Panther"), the owner and operator of the helicopter; ENERGY XXI GOM, LLC ("Energy XXI"), the platform owner; and Rolls-Royce Corporation ("Rolls-Royce"), the manufacturer of the helicopter engine, as defendants.

The Becnel Plaintiffs filed suit on August 15, 2014. (14-1875, Rec. Doc. 1.) The Becnel Plaintiffs assert a wrongful death action and a survival action against Panther, Energy XXI, Rolls-Royce, and two additional defendants: Wood Group PSN, Inc. ("Wood Group"), the operator of the platform, and Bell Helicopter Textron Inc. ("Bell"), the manufacturer of the helicopter. *Id.* at 2-3. With respect to Bell, the Becnel Plaintiffs claim that various defects in the helicopter's manufacturing or design contributed to Becnel drowning in the wreckage. *Id.* at 6. Specifically, the Becnel Plaintiffs allege that one or more of the emergency floats

---

[1] All citations to record documents that do not include a case number refer to the master case, 14-1617.

2

malfunctioned or separated from the helicopter, which caused the helicopter to roll and invert in the water; Becnel's seatbelt malfunctioned and would not release such that he could not be extracted for an extended period of time; and the controls or body of the helicopter trapped Becnel such that he could not be extracted for an extended period of time. *Id.* The Court consolidated the cases on August 27, 2014. (Rec. Doc. 14.)

After the accident, the National Transportation Safety Board ("NTSB") conducted an investigation to determine the facts, conditions, and circumstances relating to the accident and the probable cause thereof. Until the NTSB investigation concluded, the parties could not participate in full discovery. (*See* Rec. Doc. 87.) The NTSB issued its report on January 14, 2016, after which the Court conducted a scheduling conference with the parties. (Rec. Doc. 98.) Pursuant to the current scheduling order, the deadline for completing discovery in this matter is May 22, 2017. (Rec. Doc. 99.)

Bell filed the instant *Motion for Summary Judgment* **(Rec. Doc. 95)** on February 22, 2016. The Becnel Plaintiffs opposed the motion on March 15, 2016, and requested oral argument. Because the Court finds that oral argument is unnecessary at this time, the motion is now before the Court on the briefs.

3

**PARTIES' ARGUMENTS**

Bell argues that the General Aviation Revitalization Act's statute of repose bars all of the Becnel Plaintiffs' claims against Bell because the accident giving rise to their claims occurred more than eighteen years after Bell manufactured and delivered the helicopter to its original purchaser. (Rec. Doc. 95-1, at 1.) In support of its motion, Bell attached the affidavit of Steve Fuller, a product certification specialist for Bell. (Rec. Doc. 95-5.) According to Fuller, Bell sold and delivered the helicopter to its original purchaser on May 13, 1991, over twenty-two years before the accident. *Id.* at 2. Further, Bell claims that it has made no changes to the helicopter after it was delivered to its original purchaser. *Id.* Thus, Bell contends that the eighteen-year statute of repose shields it from liability.

The Becnel Plaintiffs oppose the motion, arguing that it is premature. (Rec. Doc. 100, at 1.) The Becnel Plaintiffs point out that the parties have made only partial Rule 26(a)(1) initial disclosures to date and Bell has produced none of its pertinent documents. *Id.* at 6. As set forth in their Rule 56(d) declaration accompanying their opposition, the Becnel Plaintiffs anticipate that discovery will disclose defects to components of the helicopter that were delivered within the last eighteen years and that such defective components contributed to Becnel's death. *Id.* at 8. In particular, the Becnel Plaintiffs claim that documents

4

recently produced by Panther indicate that a Bell electric valve assembly was replaced on the helicopter in July 2011. *Id.* at 2. According to the Becnel Plaintiffs, this valve assembly controlled the helicopter's emergency float system, which they have alleged malfunctioned during the crash. *Id.* Thus, the Becnel Plaintiffs argue this creates a genuine issue of material fact as to whether any defective components were installed on the helicopter within the last eighteen years. *Id.* at 3. At the very least, the Becnel Plaintiffs argue that they should be given reasonable time to examine the helicopter and conduct discovery with respect to Bell's liability. *Id.*

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party,

5

but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish

6

a genuine issue for trial. *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Congress enacted the General Aviation Revitalization Act of 1994 ("GARA"), Pub. L. No. 103-298, 108 Stat. 1552 (codified at 49 U.S.C. § 40101 note), apparently because it was "deeply concerned about the enormous product liability costs suffered by manufacturers" of general aviation aircraft, and its belief that "manufacturers were being driven to the wall because . . . of the long tail of liability attached to those aircraft, which could be used for decades after they were first manufactured and sold." *U.S. Aviation Underwriters Inc. v. Nabtesco Corp.*, 697 F.3d 1092, 1097 (9th Cir. 2012).

In GARA, Congress established an eighteen-year statute of repose for all claims arising from accidents involving "general aviation aircraft"[2] brought against manufacturers of the aircraft or components used in the aircraft. GARA § 2(a). "Thus, if an accident occurs . . . on the day after the GARA period runs, no action whatsoever is possible." *Nabtesco*, 697 F.3d at 1095. Absent certain exceptions, GARA provides that:

---

[2] The term "general aviation aircraft" is defined as "any aircraft for which a type certificate or an air-worthiness certificate has been issued by the Administrator of the Federal Aviation Administration, which, at the time such certificate was originally issued, had a maximum seating capacity of fewer than 20 passengers, and which was not, at the time of the accident, engaged in scheduled passenger-carrying operations." GARA § 2(c).

7

> [N]o civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer if the accident occurred [after the applicable limitation period].

GARA § 2(a). With respect to general aviation aircraft and the components, systems, subassemblies, and other parts of such aircraft, the limitation period is eighteen years. *Id.* § 3(3).

GARA provides two different trigger dates for commencement of the eighteen-year period of repose. The first trigger date begins on "the date of delivery of the aircraft to its first purchaser or lessee," or to an intermediary seller or lessor. *Id.* § 2(a)(1). The second trigger date, commonly referred to as the "rolling" provision, occurs when "any new component," which is alleged to have caused the death, injury, or damage, replaces an existing component or is added to the aircraft. *Id.* § 2(a)(2).

With respect to the rolling provision, the House Judiciary Committee explained that it wished to ensure that the replacement or addition of a new component would trigger a "rolling" period of repose. "Over the lifespan of a general aviation aircraft, almost every major component will be replaced." H.R. Rep. 103-525, pt. 2 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1644, 1994 WL 422719. For this reason, "[t]he statute of repose for component parts applies on a 'rolling' basis." *Id.* For example, if an aircraft's original

piston engine is replaced, the new piston engine would have an eighteen-year statute of repose commencing with its replacement. *See id.* However, this provision applies only to new components.[3] *Nabtesco*, 697 F.3d at 1095. The repose period for a used component is permanently linked to the delivery date of that component to its first purchaser. *Id.*

Summary judgment is often appropriate when the statute of repose has run in favor of the manufacturer. *See, e.g.*, *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 536 (S.D. Tex. 1996) (granting summary judgment in favor of manufacturer because the record showed that the helicopter and the component asserted to have caused the crash were delivered more than eighteen years before the crash). The burden rests with the manufacturer to show that an affirmative defense such as GARA's statute of repose applies and, if the showing is made, then the plaintiffs have the burden of showing that the action falls within one of the exceptions. Furthermore, plaintiffs bear the burden of producing sufficient evidence to raise a genuine dispute of material fact regarding the applicability of the rolling provision. *Sulak v. Am. Eurocopter Corp.*, No. 09-651, 2012 WL 6567237, at *4 (N.D. Tex. Dec. 17, 2012). Thus, the Becnel Plaintiffs must raise a genuine

---

[3] A component that is removed for maintenance and returned to the aircraft does not trigger a rolling period of repose. *See Robinson v. Hartzell Propeller Inc.*, 326 F. Supp. 2d 631, 663 (E.D. Pa. 2004) ("An overhauled propeller does not replace another propeller and it is not added to the aircraft. It is removed for maintenance and returned to the aircraft.").

9

dispute that a new component replaced a component either originally in the aircraft or was added to the aircraft and the new component caused the claimed damages. *See id.*

Relying on Rule 56(d) of the Federal Rules of Civil Procedure, the Becnel Plaintiffs argue that Bell's motion for summary judgment is premature because they lack sufficient discovery at this time to properly respond to Bell's motion. Generally, summary judgment is not appropriate before the opposing party has had a "full opportunity to conduct discovery." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Indeed, "[s]ummary judgment assumes some discovery." *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002). Rule 56(d) permits a court to deny a motion for summary judgment, or to defer consideration of it, pending necessary discovery. Relief is available under Rule 56(d) when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Rule 56(d) motions for additional discovery are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). The nonmovant, however, "may not simply rely on vague assertions that additional discovery will

produce needed, but unspecified, facts." *Id.* Rather, a request to stay summary judgment under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Id.*

The Court finds that Bell's motion for summary judgment is premature. This case is in its infancy. Bell filed the instant motion two weeks before the Court entered a scheduling order. Initial disclosures have not been completed and almost no discovery has been conducted. It may be true that the eighteen-year limitation period under GARA applicable to the helicopter and its original components would be easy to calculate. However, the time calculation would be different for every new component added to the aircraft or installed as a replacement.

The Becnel Plaintiffs set forth a plausible basis for believing that discovery will produce evidence of new components added to the aircraft within eighteen years before the crash. The helicopter at issue was over twenty-two years old at the time of the accident. The limited document production that has taken place to this point shows that the helicopter had been serviced and at

11

least some components had been overhauled and replaced not long before the accident. Discovery will be necessary to determine what was done to the helicopter and when, and which parties have manufactured parts of the helicopter that were less than eighteen years old. *Johnson v. Precision Airmotive, LLC*, No. 07-1695, 2008 WL 2570825, at *3 (E.D. Mo. June 26, 2008) (denying summary judgment on GARA defense as premature); *see also Clark v. PHI, Inc.*, No. 12-411, 2012 WL 3065429, at *6 (E.D. La. July 27, 2012) (denying summary judgment as premature because there was a chance that discovery would yield evidence that plaintiff could use to invoke an exception to GARA's statute of repose).

This is not to say that Bell must wait until the very end of discovery before refiling its motion for summary judgment. This is a large and complex case, and discovery is not scheduled to conclude for over a year. There may well come a point later in the litigation prior to the close of discovery when consideration of Bell's GARA motion is appropriate. Until then, however, he Court will deny Bell's motion without prejudice.

12

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Bell's *Motion for Summary Judgment* **(Rec. Doc. 95)** is **DENIED without prejudice** to being refiled following sufficient discovery.

New Orleans, Louisiana, this 23rd day of March, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE