# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN PETER LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1617 c/w** |
| | **14-01772, 14-1791,** |
| | **14-01875, 14-02326** |
| **PANTHER HELICOPTERS, INC., ET AL** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion to Strike the NTSB Probable Cause Report (R. Doc. 589)** filed by the Panther Helicopters, Inc. The motion is opposed. R. Doc. 601. Oral argument was heard on March 14, 2018.

## I. Background

This litigation derives from a helicopter crash that occurred on October 9, 2013 as the helicopter departed from a platform in the Gulf of Mexico. The pilot, Patrick R. Becnel, Sr., was killed in the crash. Three passengers, Marvin Peter LeBlanc Jr., Harvis Johnson Jr., and Nichalos Miller, were also aboard the helicopter at the time of the crash and suffered various injuries. Numerous lawsuits have been filed with respect to this litigation and have been consolidated into this case.

The instant motion was filed by Panther Helicopters, Inc. ("Panther") seeking an order from the Court striking the National Transportation and Safety Board's Probable Cause Report and quotations from the report in Rolls-Royce's Corporations Memorandum in Support of its Motion to Compel. R. Doc. 589. Panther argues that 49 U.S.C. § 1154(b) states that "[n]o part of a report of the [NTSB], related to an accident or investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." *Id.*; 49 U.S.C. § 1154(b). Panther argues that Rolls-Royce cites the statute but still included both

the probable cause report as an attachment to its motion as well as referencing it throughout its memorandum in violation of the federal statute. *Id.* Panther requests the Court to strike the NTSB report (R. Doc. 580-3) and all references in the memorandum in support (R. Doc. 580-1) from the record. *Id.* at pp. 1-2. Further, Panther states that 49 C.F.R. § 835.2 clarifies that a Board accident report includes the probable cause of an accident. Panther argues that because this case is a civil action for damages the use of the NTSB report and quotations was a violation of the federal statute and that the offending portions should be stricken from the record. R. Doc. 589-1, p. 2.

The motion is opposed by Rolls-Royce Corporation. R. Doc. 601. Rolls-Royce argues that because the Final Report attached to the motion lacks a probable cause finding it is doubtful it is a board accident report whose introduction into evidence is prohibited by 49 U.S.C. § 1154(b) and 49 C.F.R, § 835.2. Rolls-Royce further argues that it does not object to the removal of the "final report" from the record, a solution which Panther itself suggests. R. Doc. 601. Should the Court grant the motion to strike Rolls-Royce states it will immediately file a motion to file a corrected memorandum and exhibit. *Id.*

## II.   Law and Analysis

First, 49 U.S.C. § 1154(b) states that "No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." Further 49 C.F.R. § 835.2 indicates that accident includes "incident" and:

> Board accident report means the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ("briefs" or accidents). Pursuant to Section 701(e) of the Federal Aviation Act of 1958 (FA Act), and section 304(c) of the Independent Safety Board Act of 1974 (49 U.S.C. 1154(b)) (Safety Act), no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports.

> Factual accident report means the report containing the results of the investigator's investigation of the accident. The Board does not object to, and there is no statutory bar to, admission in litigation of factual accident reports. In the case of a major investigation, group chairman reports are factual accident reports.

The Fifth Circuit has stated that "[f]ederal law flatly prohibits the NTSB accident report from being admitted into evidence in any suit for damages arising out of accidents investigated by the NTSB." *Campbell v. Keystone Aerial Surveys*, 138 F.3d 996, 1001 (5th Cir. 1998). According to the D.C. Circuit, under the current language of the statute, "because investigators' reports are now plainly admissible under agency regulations, victims have access to necessary factual information." *Chiron Corp. and PerSeptive Biosystems, Inc. v. National Transp. Safety Bd.*, 198 F.3d 935, 940 (D.C. Cir. 1999). Accordingly, the D.C. Circuit held that this obviates the need for a judicial exception to the statute which allowed for the admissibility of the "factual findings" of the NTSB in civil litigation. *Id.* at pp. 940-41. This is because when the statute was read broadly to include investigators' reports there may have been a public policy justification for admitting factual information, but once the statute was interpreted more narrowly there was no justification for any exception to § 1154(b). *Id.* at 941.

In *Lidle v. Cirrus Design Corp.*, 08 CIV 1253(BSJ)(HBP), 2010 WL 1644958, at* 4 (S.D.N.Y. Apr. 22, 2010), the United States Magistrate Judge granted a motion to strike references to and quotations from reports prepared by NTSB itself and denied the motion to strike with regards to any references to or quotations from the factual reports of investigators. That court noted that investigators produce a public docket or factual reports that are observed in the course of their investigation and then the Board itself issues a document setting forth opinions and conclusions regarding the most likely cause of the accident. *Id.* at *2. The Court found that because the statutes prohibit the use of any part of an NTSB report it is not limited solely to motions used to support factual issues related to the merits of the case, but to other motions as well. *Id.* at *3.

A review of the report at issue in the instant matter states it is an NTSB Aviation Accident Final Report, includes a section on Probable Cause and Findings, and also includes a section titled Factual Information that appears to contain conclusions drawn by the NTSB regarding certain issues. Because this report appears to be from the NTSB and is not an investigator's report, the plain language of the statute and case law indicates that both the report and quotations from it should be stricken from the record. The Court, therefore, grants the motion and the NTSB report and quotations from the report shall be stricken from the record.

**III.  Conclusion**

Accordingly,

**IT IS ORDERED** that the Panther Helicopters, Inc.'s **Motion to Strike the NTSB Probable Cause Report (R. Doc. 589)** is **GRANTED.**

**IT IS FURTHER ORDERED** that R. Doc. 580-1 and 580-3 be stricken from the record.

**IT IS FURTHER ORDERED** that Rolls-Royce Corporation's **Motion for Leave to File Corrected Memorandum in Support of Motion to Compel Cell Phone Records** (**R. Doc. 603**) is **GRANTED**.  The clerk of court shall replace R. Doc. 580-1 with R. Doc. 603-1.

New Orleans, Louisiana, this 19th day of March 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**