```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


    MARVIN PETER LEBLANC, JR.              CIVIL ACTION

    VERSUS                                 NO: 14-1617
                                           C/W 14-1772
                                               14-1791
                                               14-1875
                                               14-2326
                                               18-2296

                                           APPLIES TO: 18-2296

    PANTHER HELICOPTERS,                   SECTION: "J"(4)
    INC. ET AL.
```

## ORDER & REASONS

Before the Court is Nichalos Miller, Harvis Johnson, Jr., and Marvin Peter Leblanc, Jr.'s (collectively, "Plaintiffs") motion for summary judgment **(No. 18-2996, Rec. Doc. 7)**,[1] Signal Mutual Indemnity Association, Ltd. ("Signal") and Wood Group, PSN's ("Wood Group") (sometimes collectively referred to as "Defendants") opposition (Rec. Doc. 644), and Plaintiffs' reply (Rec. Doc. 650). For the reasons stated below, the Court grants in part Plaintiffs' motion and rules that Defendants are precluded seeking reimbursement for LHWCA benefits against Plaintiffs' settlements or judgments in the companion litigation insofar as those settlements or judgments are funded by Panther Helicopters,

---

[1] Plaintiffs' motion was filed in No. 18-2296, which was subsequently consolidated with No. 14-1617. The motion was refiled into 14-1617 as Rec. Doc. 657. Opposition and reply briefs were also filed in the docket for No. 14-1617. Record citations in this Order refer to No. 14-1617 unless noted otherwise.

Inc. ("Panther"). Plaintiffs' motion is denied in part and to the extent that it seeks to preclude Defendants from seeking reimbursement for LHWCA benefits against that portion of Plaintiffs' recoveries funded by parties other than Panther.

The Court assumes the reader's familiarity with this litigation and proceeds directly to the issue presented by the parties: whether Wood Group contractually waived Signal's right of subrogation against Panther.

Signal is Wood Group's insurer. Wood Group's insurance policy with Signal states in pertinent, "[Wood Group] may waive [Signal's] rights of subrogation under Rule 11.2 when required to do so by the terms of a written contract." (No. 18-2296, Rec. Doc. 7-4, at 2.) Plaintiffs assert that the Master Service Agreement between Energy XXI Services, LLC ("Energy XXI") and Wood Group (the "Energy XXI/Wood Group MSA")—specifically, provision 2 in Exhibit A to that agreement—required Wood Group to waive Signal's right of subrogation against Panther.

Paragraph 3 of the Energy XXI/Wood Group MSA states in pertinent:

> [Wood Group] agrees to procure, maintain and amend, at its sole expense, and require all of [Wood Group's] subcontractors of every tier to procure, maintain and amend at their sole expense, policies of insurance in the amounts outlined on Exhibit "A", attached hereto, . . . which coverage shall fully address the liabilities assumed hereunder.

(No. 18-2296, Rec. Doc. 7-2 at 2.) Exhibit A to the Energy XXI/Wood Group MSA is entitled "Insurance Requirements for all Contractors and Third Party Services" and states in pertinent:

> Every Contractor [i.e., Wood Group] furnishing services must give ENERGY XXI evidence of the following listed minimum insurance coverages, limits and amounts:
>
> [Various types and amounts of insurance are listed]
>
> . . .
>
> In addition to the above:
>
> . . .
>
> 2. All insurance policies shall contain the provision that the insurance companies waive the right of subrogation against ENERGY XXI, its agents, servants, invitees, employees or co-lessees, affiliated companies, **contractors**, subcontractors and their insurers. . . .

(No. 18-2296, Rec. Doc. 7-2 at 10 (emphasis added).)

At all relevant times, a contract existed between Energy XXI and Panther, wherein Panther agreed to furnish certain services to Energy XXI as requested by Energy XXI (the "Energy XXI/Panther MSA"). (No. 18-2296, Rec. Doc. 7-3). The Energy XXI/Panther MSA refers to Panther as "Contractor" and is nearly identical to the Energy XXI/Wood Group MSA.

Plaintiffs assert that Panther was Energy's contractor pursuant to the Energy XXI/Panther MSA, therefore, because the Energy XXI/Wood Group MSA required Wood Group to waive Signal's right of subrogation against Energy XXI's "contractors," Wood

3

Group contractually waived Signal's right of subrogation against Panther.

Defendants do not dispute, at least for purposes of the instant motion, that the Energy XXI/Wood Group MSA controlled the work performed by Wood Group. (Rec. Doc. 644 at 3.) However, Defendants oppose Plaintiffs' motion on two grounds. First, Defendants argue that the Energy XXI/Wood Group MSA merely references the types and amounts of insurance listed in Exhibit A, but the MSA does not incorporate the provisions, endorsements, or riders contained in Exhibit A. Thus, Wood Group argues that provision 2 in Exhibit A is not part of the parties' agreement and, consequently, Wood Group did not waive subrogation against Energy XXI's contractors.

The Court will not entertain this argument. In a prior case before this Court that involved another Energy XXI MSA with language identical to that in the Energy XXI/Wood Group MSA, Wood Group argued that Exhibit A's provision requiring a subrogation waiver subrogation in favor of Energy XXI's contractors was incorporated into the MSA—the exact opposite of Wood Group's position here. *See Thurman v. Wood Group Prod. Servs.,* No. 09-4142, 2010 WL 4812916 (E.D. La. Nov. 18, 2010). Moreover, this Court accepted Wood Group's argument in *Thurman* and ruled in Wood Group's favor. *Id.* The Court finds that Defendants are judicially estopped from arguing a contradictory position here. *See, e.g.,*

4

*Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008). Alternatively, even if the Court were not to apply judicial estoppel, it would conclude for essentially the reasons in *Thurman* that Exhibit A is fully incorporated into the Energy XII/Wood Group MSA.[2]

Defendants' second argument is that Panther was not one of "Energy XXI's contractors" for purposes of the Energy XXI/Wood Group MSA. Defendants point out that Wood Group and Panther had entered into a contract wherein Panther, as "contractor," agreed to provide helicopter flight services as requested from time to time by Wood Group (Wood Group/Panther Contract). (Rec. Doc. 644-2.) Thus, Panther is a party to two contracts: the Wood Group/Panther Contract and the Energy XXI/Panther MSA mentioned above. Notably, the Wood Group/Panther Contract does not require Wood Group to waive Signal's subrogation rights against Panther. It is undisputed that on October 9, 2013, Panther was transporting Plaintiffs from Energy XXI's platform pursuant to the Wood Group/Panther Contract, not the Energy XXI/Panther MSA. Defendants contend, then, that even if the Energy XXI/Wood Group

---

[2] Defendants point out that Energy XXI provided a "Certificate of Insurance" to Wood Group that asks, "Do all policies contain waiver of subrogation in favor [of] Energy XXI, its subsidiaries and affiliates?", and contend that this reflects the parties' intent to not incorporate the broader subrogation waiver in Exhibit A into the MSA. However, the Certificate of Insurance also asks "Are all policies endorsed to primary coverage to the Additional Insured in relation to any policies carried by Energy XXI itself?" and "Do policies provide adequate territorial and navigation limits?", requirements found only in Exhibit A and not the main body of the MSA.

5

MSA required Defendants to waive subrogation against Energy XXI's contractors, Panther was not Energy XXI's contractor.

The parties agree that Louisiana law applies to the Energy XXI/Wood Group MSA. Louisiana law generally upholds waivers of subrogation and interprets them under the same rules applied to other contracts. *See, e.g.*, *Fontenot v. Chevron U.S.A. Inc.*, 676 So.2d 557, 565 (La. 1996); *Beslin v. Anadarko Petroleum Corp.*, 175 So. 3d 1134, 1136-40 (La. 3d Cir. 2015). When the language of a contract is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the contract must be given. *Beslin*, 175 So. 3d at 1136.[3]

The Energy XXI/Wood Group MSA is clear and unambiguous: "All [of Wood Group's] insurance policies shall contain the provision that the insurance companies waive the right of subrogation against ENERGY XXI [and] its . . . contractors . . . ." (No. 14-1617, Rec. Doc. 7-2 at 10.) By virtue of the Energy XXI/Panther MSA, Panther was one of Energy XXI's contractors, even though at the time in question Panther was performing work as Wood Group's contractor. Therefore, the Energy XXI/Wood Group MSA waived any rights Signal may have had to proceed in subrogation against Panther.

---

[3] Wood Group suggests in its brief that Louisiana courts strictly construe waivers of subrogation. However, the cases Wood Group cites concern contractual indemnification clauses, not a waiver of an insurer's right of subrogation. *See, e.g.*, *Poloza v. Garlock*, 343 So. 2d 1000, 1003 (La. 1977).

6

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). For reasons set forth above, Plaintiffs have met this burden with respect to their contention that Wood Group waived Signal's subrogation rights against Panther. However, Plaintiffs have not shown that Wood Group waived Signal's right of subrogation against any party other than Panther. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (No. 18-2296, Rec. Doc. 7; refiled in No. 14-1617, Rec. Doc. 657) is **GRANTED IN PART** and that all claims Signal and Wood Group have or could have asserted for subrogation or reimbursement of LHWCA benefits paid to Plaintiffs are hereby dismissed insofar as Plaintiffs recover from Panther, either by settlement or judgment. Otherwise, the Motion for Summary Judgment is **DENIED.**

**IT IS FURTHER ORDERED** that oral argument on this Motion for Summary Judgment scheduled for June 20, 2018 is **CANCELLED.**

New Orleans, Louisiana, this 8th day of June, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE