## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

MARVIN PETER LEBLANC, JR.

VERSUS

PANTHER HELICOPTERS, INC. ET AL.

CIVIL ACTION

NO: 14-1617
C/W 14-1772
   14-1791
   14-1875
   14-2326
   18-2296

REF: 14-2326

SECTION: "J"(4)

## ORDER & REASONS

Before the Court is Energy XXI GOM, L.L.C.'s ("Energy XXI") Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 550), Panther Helicopters, Inc.'s ("Panther") opposition (Rec. Doc. 576), and Energy XXI's reply (Rec. Doc. 595). The Court assumes the reader's familiarity with these consolidated cases and Energy XXI's Chapter 11 bankruptcy proceeding.

Panther's Third Supplemental and Amending Complaint asserted contractual defense and indemnity claims against Energy XXI. (Rec. Doc. 248.)[1] Energy XXI argues these claims should be dismissed because Panther failed to timely assert them in its Proof of Claim filed in Energy XXI's bankruptcy proceeding and are therefore

---

[1] Panther also asserted tort claims for property damage, etc., against Energy XXI (*see* No. 14-2326, Rec. Doc. 1), but those claims were dismissed on summary judgment (Rec. Doc. 485) and/or voluntarily dismissed by Panther (Rec. Doc. 524, 526).

barred under the confirmed plan of reorganization.[2]  Panther's opposition asserts only that it previously voluntarily dismissed these claims, therefore, Energy XXI's motion improperly seeks an advisory opinion.  Energy XXI replies that when Panther moved to voluntarily dismiss its claims, it explicitly reserved "all claims for defense and indemnity with respect to [Energy XXI]," therefore Energy XXI's motion seeks resolution of an actual controversy.

Panther's motion to voluntarily dismiss did purport to reserve its defense and indemnity claims against Energy XXI.  (*See* Rec. Doc. 524.)  However, the Court's order of December 5, 2017 granting Panther's motion stated that "***all*** of the claims asserted by Panther . . . are hereby DISMISSED" and made no mention of reserved claims.  (Rec. Doc. 526 (emphasis added).)  Panther has never asked the Court to amend this order to preserve its defense and indemnity claims against Energy XXI.  Therefore, Panther is correct that Energy XXI's motion is moot in light of the December 5, 2017 Order.

However, to avoid any doubt, the Court makes clear that when it dismissed Panther's claims on December 5, 2017, the dismissal included Panther's defense and indemnity claims against Energy XXI.  Furthermore, the Court notes that it otherwise agrees with the arguments in Energy XXI's motion to dismiss and would likely grant that motion had Panther's defense and indemnity claims not been previously dismissed.  The Court further notes that its conclusion that Energy XXI's

---

[2] Energy XXI alternatively argues that even if Panther did include its defense and indemnity claims in its Proof of Claim, the bankruptcy court subsequently determined that Energy XXI had no liability on Panther's Proof of Claim.

motion is moot is based in part on Panther's insistence that its claims against Energy XXI were previously dismissed.

Accordingly,

**IT IS ORDERED** that the Court's Order of December 5, 2017 (Rec. Doc. 526) dismissing "all of the claims asserted by Panther Helicopters, Inc., as Plaintiff in Civil Action No. 14-2326" is **CLARIFIED** to make absolutely certain that Panther's claims for defense and indemnity against Energy XXI were included in the dismissal.

**IT IS FURTHER ORDERED** that Energy XXI's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 550) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 14th day of August, 2018.

_____
United States District Judge